**William A. Romaine #126966**
war@lawromaine.com
Law Office of William A. Romaine
206 West Lacey Boulevard #309
Hanford, California 93230

Telephone: 559 582 9360
Telecopier: 559 582 9350

Attorney for Plaintiff Dennis Alba

# United States District Court
# Eastern District of California

| | |
|---|---|
| Dennis Alba, <br><br> Plaintiff, <br><br> vs. <br><br> County of Tulare, California, Tulare County Sheriff's Deputy Ronald Crouch, Tulare County Sheriff's Department, Tulare County Sheriff's Deputy Sergeant Torres, Tulare County Sheriff's Deputy Derrick Hood, and Tulare County Sheriff's Deputy Bertoldo, <br><br> Defendants. | Case Number: <br><br> COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERALLY PROTECTED CIVIL RIGHTS <br><br> [42 USC § 1983] <br><br> **TRIAL BY JURY DEMANDED BY PLAINTIFF ON ALL CAUSES OF ACTION** |

Dennis Alba, plaintiff, ("Alba") does hereby allege against defendants and each of them the following facts constitution a cause of action and demand a trial by jury on all causes herein alleged:

///

Law Office of
William A. Romaine
206 West Lacey Boulevard #309
Hanford, California 93230

# JURISDICTION

This action seeks, among other things, redress under the provisions of 42 U.S.C. § 1983, alleging violation of rights secured to Alba by the Constitution and Laws of the United States of America were violated by one or more defendants herein named. Accordingly, this court enjoys original jurisdiction over that subject matter presented by this litigation pursuant to the provisions of 28 U.S.C. § 1331 in that one or more causes of action set forth herein arise under federal law.

# FACTS RELEVANT TO JURISDICTION AND CAUSE OF ACTION

1. Alba is and at all times material hereto was a resident of the County of Tulare, State of California.

2. On or about October 1, 2013, Alba was the lawful occupant of a certain residential travel trailer, then and there lawfully located on private property owned and occupied by Fred Thompson at or near the 25000 block of Stewart Drive, in Springville, County of Tulare, State of California. ("Premises")

3. On or about that date, at about 2:15 P.M., Alba was located outside the premises in a motor vehicle, approaching the premises from the public roadway.

4. At or about 2:00 PM on that date at that location, defendants Ronald Crouch ("Crouch") and Sergeant Torres ("Torres,") Deputy Derek Hood, and Deputy Bertoldo, were duly deputized as Deputy Sheriffs, County of Tulare, California and were then and there engaged in the performance of their

duties as deputies of the duly elected and serving sheriff of defendant County of Tulare, California.

5. At that time and place, defendants, and each of them were executing a search warrant issued by the Superior Court of California, County of Tulare, that authorized a search of the main residence and outbuildings located on the real property owned by Fred Thompson of entered onto the Premise, but did not authorize a search of any other residences located on that real property and did not authorize searches of residential travel trailers located on that real property.

6. Despite their understanding that the warrant they were executing did not authorize a search of the Premises, defendants and each of them entered and searched the Premises.

7. Immediately prior to the time of their entry and search, the Premises was closed and locked and nothing on the exterior thereof, nor in the vicinity thereof, suggested upon visual, auditory, gustatory, olfactory, or information from any other physical sense provided information that, to a reasonable person in the place and position of defendants that an entry into or inspection of the interior of the Premises would provide evidence of criminal activity or any other evidence that would give them reason to believe that entering into the Premises would provide evidence of criminal activity.

8. At the time they entered the Premises defendants knew or reasonably should have known that the search warrant they were executing did not include

Law Office of
William A. Romaine
206 West Lacey Boulevard #309
Hanford, California 93230

authority to search the Premises and that the Premises was occupied by someone other than Fred Thompson, whose residence and outbuildings the warrant authorized them to search.

9. At the time they entered the Premises, defendants knew or should have known that the occupant thereof did not authorize, nor give consent for them to enter and search the Premises.

10. Upon entering into the Premises, defendants discovered that there were firearms present as well as marijuana in various stages of process. Upon closer inspection of the firearms, defendants discovered that the firearms were not the subject of any active police concerns, but were unregistered.

11. Defendants then photographed the scene inside the Premises and removed the marijuana and the firearms from within.

12. At that point, Alba approached the defendants, identified himself as the occupant of the Premises, and demanded to know by what authority the defendants were searching the Premises and seizing the firearms and marijuana located therein.

13. Defendants then falsely and fraudulently told Alba that they were acting pursuant to a search warrant that included the Premises. At the time they said this, defendants knew or should have known that the search warrant did not include the Premises within the area search was authorized.

14. Defendants then seized Alba's person and detained him without reason to believe he was engaged in criminal activity of any kind and/or the

information they relied upon to form a belief that Alba was engaged in criminal activity was the product of their unlawful search of the Premises and seizure of the marijuana and firearms located therein.

15. After seizing and securing the person of Alba as hereinabove set forth, as well as the Premises and contents thereof, defendants contacted Tulare County Sheriff's Deputy Sergeant Hirayama, who was then and there an expert on the policies, practices, and customs of the Tulare County Sheriff's department related to search pursuant to warrant, warrantless searched, seizure or marijuana, and seizure of firearms and related the facts set forth above.

16. After learning of the facts set forth above, Sergeant Hirayama ratified the search and seizures by defendants as set forth above and stated that all of those searches and seizures under the circumstances were consistent and in accordance with the customs, policies, and practices of the Tulare County Sheriff's Department.

17. As a direct and proximate result of the search and seizure as hereinabove set forth, Alba was subject to arrest and detention as well as to the loss of firearms which were then being kept in the Premises by an independent occupant thereof who is claiming the value thereof against Alba and Alba has lost other property then and there lawfully in his possession and under his control.

18. As a further direct and proximate result of the search and seizure as hereinabove set forth, Alba was subject to arrest on December 2, 2013

pursuant to a warrant for his arrest, procured by defendants and issued on the basis of the facts set forth hereinabove.

### CAUSE OF ACTION: VIOLATION OF CONSTITUTIONALLY PROTECTED RIGHTS

19. Alba realleges and incorporates by this reference as if set out here in full, each and every allegation set forth in paragraphs 1 through 18, inclusive of this complaint.

20. The search and seizure as hereinabove alleged was unreasonable and therefore was done in violation and deprived Alba of rights secured to him by the Fourth Amendment of the United States Constitution as incorporated by the Amendment XIV of the United States Constitution to secure those rights to Alba inviolable by the State of California.

21. At all times material hereto, in doing the things alleged hereinabove, defendants and each of them were acting under the color of the laws of the State of California empowering public officers and employees to enforce the criminal statutes of the State of California.

22. As a direct and proximate result of the deprivation of rights secured to Alba under the Constitution and Laws of the United States of America, Alba has been damaged in that he was placed in jeopardy of losing his liberty and property from and after the date of the unreasonable search and seizure as alleged hereinabove and continues to be in jeopardy of losing his liberty and

property, all to his damage in a sum exceeding $25,000.00 or according to proof.

23. As a further direct and proximate result of the deprivation of rights secured to Alba under the Constitution and Laws of the United States of America, Alba was required to expend valuable time and resources and incur expenditures to secure and maintain his release from custody and defense against the charges brought against him from and after the date of the unreasonable search and seizure as alleged hereinabove and continues to be in jeopardy of losing his liberty and property, all to his damage in a sum exceeding $25,000.00 or according to proof.

24. Alba alleges that the aggregate sum of the damages sustained by him as alleged is fifty thousand dollars ($50,000.00) or such greater or lesser sum according to proof.

25. As a further direct and proximate result of the deprivation of rights secured to Alba under the Constitution and Laws of the United States of America Alba has suffered general damages in the form of emotional and mental distress, embarrassment, obloquy, loss of reputation, and loss of security in a sum exceeding one million dollars ($1,000,000.00) or such greater or less sum according to proof.

WHEREFORE, Alba prays for judgment against defendants, as follows:

1. Ordering defendants and each of them to pay Alba the sum of twenty-five thousand dollars ($25,000.00) or such greater or lesser sum as accords

Law Office of
William A. Romaine
206 West Lacey Boulevard #309
Hanford, California 93230

with proof as and for his damages incurred or which may in future be reasonable expected to be incurred as medical and/or psychological expenditures;

2. Ordering defendants and each of them to pay Alba the sum of fifty thousand dollars ($50,000.00) or such greater or lesser sum as accords with proof as and for his damages incurred by his expenditure of valuable time and resources and by his incurring expenditures to secure and maintain his release from custody and defense against the charges brought against him;

3. Ordering defendants and each of them to pay Alba the sum of one million dollars ($1,000,000.00) or such greater or lesser sum as accords with proof as and for his general damages;

4. Ordering defendants to pay Alba's costs of this action including reasonable attorney's fees; and

5. Ordering such other and further relief as the court finds just and appropriate.

Date: October 1, 2015                                   Law Office of William A. Romaine


                                              _____s/ William A. Romaine_____
William A. Romaine,
Attorney for Plaintiff Dennis Alba.

///

///